[No. 21597-7-II.    Division Two.    May 1, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. MYRON
RAYMOND BOURNE, *Appellant*.

*Robert W. Huffhines, Jr.,* for appellant (appointed counsel for appeal).

*James J. Stonier, Prosecuting Attorney,* and *Edwin N. Norton, Deputy,* for respondent.

BRIDGEWATER, A.C.J. — Myron Bourne appeals an exceptional sentence for one count of felony hit and run based on multiple victims involved in the accident. The State cross-appeals the trial court's dismissal of Counts II and III of felony hit and run. We affirm.

While Bourne was driving under the influence of intoxicants, he rear-ended a car stopped at an intersection and injured each of its three minor occupants. He did not stop at the scene of the accident, but fled with police pursuing. Bourne was charged with three counts of felony hit and run, in violation of RCW 46.52.020, and one count of driving under the influence (DUI), in violation of RCW 46.61.502(1)(b). He was found guilty by a jury of all charges.

At the sentencing hearing, the trial court dismissed the second and third counts of felony hit and run because the evidence supported only one conviction, even though there were multiple victims. The trial court found that "[t]he elements of Hit and Run-Injury are set forth in the To-Convict Instructions as given to the jury," that "[i]n order for each Count to be sustainable on its own, each has to occur independently," and that "[t]he essence of the charge is Hit and Run-Injury." For the purposes of restitution, the trial court amended Count I to include all three occupants of the vehicle Bourne struck. Bourne's standard range sentence was 15-20 months, but the trial court imposed an exceptional sentence of 30 months for the single count of felony hit and run, to be served concurrently with a sentence of 12 months for the DUI. In the findings of fact and conclusions of law for the exceptional sentence, the trial court found that "[t]hree people were injured in the one vehicle that the defendant struck," and that "[t]he standard range for one count of Hit and Run-Injury and DUI is 15-20 months." The trial court concluded that

"[t]here were multiple victims," that "[t]he standard range of 15-20 months is insufficient," and that "[t]here are substantial and compelling reasons which justify going beyond the standard range." Bourne appeals the imposition of an exceptional sentence and the State cross-appeals the dismissal of Counts II and III.

## I. One Count Proper

The State first claims that the trial court did not have authority to dismiss the second and third counts of felony hit and run because Bourne did not file a proper motion. Without articulating a specific court rule, Bourne moved during the State's case to dismiss Counts II and III based on evidence that there was only one accident, rather than three. The trial court denied the motion but indicated that it would reconsider the motion at sentencing if Bourne were convicted of all three counts. Bourne was found guilty by the jury of all three counts on January 14, 1997. At the sentencing hearing one week later, the trial court reconsidered the motion and, following argument from both parties, granted the motion to dismiss Counts II and III.

The trial court ruled on an appropriately made, albeit, reconsidered motion. CrR 7.4 allows a defendant to move for arrest of judgment within 10 days of the verdict or decision. The motion may be based on the following causes: "(1) Lack of jurisdiction of the person or offense; (2) the indictment or information does not charge a crime; or (3) insufficiency of the proof of a material element of the crime." CrR 7.4(a). The trial court appropriately considered Bourne's motion to dismiss two counts of felony hit and run.

"When reviewing an order arresting judgment granted pursuant to CrR 7.4(a)(3), an appellate court's function is to determine 'whether the evidence is legally sufficient to support the jury's finding.' " *State v. Robbins*, 68 Wn. App. 873, 875, 846 P.2d 585 (1993) (quoting *State v. Pleasant*, 38 Wn. App. 78, 80, 684 P.2d 761, *review denied*,

103 Wn.2d 1006 (1984)). The evidence is sufficient if any rational trier of fact viewing it most favorably to the State could have found the essential elements of the charged crime beyond a reasonable doubt. *Robbins*, 68 Wn. App. at 875. The State does not dispute that there was only one accident but argues that Bourne's convictions for three counts of felony hit and run should stand because the vehicle that Bourne hit contained three occupants. Consequently, whether the evidence is legally sufficient to support the jury's verdict on all three counts depends on whether, as a matter of law, Bourne can be convicted of three counts of felony hit and run based on only one accident that involved one vehicle containing three people.

The felony hit and run statute states, in part:

(1) A driver of any vehicle involved in an accident resulting in the injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to, and in every event remain at, the scene of such accident until he has fulfilled the requirements of subsection (3) of this section; every such stop shall be made without obstructing traffic more than is necessary.

. . . .

(3) Unless otherwise provided in subsection (7) of this section the driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person or damage to other property shall give his name, address, insurance company, insurance policy number, and vehicle license number and shall exhibit his vehicle driver's license to any person struck or injured or the driver or any occupant of, or any person attending, any such vehicle collided with and shall render to any person injured in such accident reasonable assistance, including the carrying or the making of arrangements for the carrying of such person to a physician or hospital for medical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person or on his behalf. Under no circumstances shall the rendering of assistance or other compliance with the provisions of this subsection be evidence of the liability of any driver for such accident.

(4) Any driver covered by the provisions of subsection (1) of this section failing to stop or comply with any of the requirements of subsection (3) of this section under said circumstances shall be guilty of a class C felony and, upon conviction, be punished pursuant to RCW 9A.20.020: *Provided*, That this provision shall not apply to any person injured or incapacitated by such accident to the extent of being physically incapable of complying herewith.

RCW 46.52.020.

RCW 46.52.020 sets out the duty imposed upon the operator of a vehicle who has become involved in an accident. The duties imposed, if injury or death result, or if another attended vehicle is damaged, are as follows: *The operator of the vehicle shall stop at or as near the scene of the accident as possible and return to the scene of the accident or as close thereto as possible and remain until the requirements of subsection (3) are fulfilled.*

*State v. Vela*, 100 Wn.2d 636, 638, 673 P.2d 185 (1983) (footnote omitted) (emphasis added). Thus, the elements of felony hit and run require proof of (1) death or injury to a person or damage to an attended vehicle, and (2) failure of the driver of the vehicle involved in the accident to stop his vehicle and return to the scene in order to provide his name, address, vehicle license number and driver's license and to render reasonable assistance to any person injured in such accident. *State ex rel. Fitch v. Roxbury Dist. Court*, 29 Wn. App. 591, 593, 629 P.2d 1341 (1981). "[U]nder principles of statutory construction, a statute is not subject to judicial interpretation where its language is plain, unambiguous, and well understood according to its natural and ordinary sense and meaning." *State v. McCollum*, 88 Wn. App. 977, 988, 947 P.2d 1235 (1997) (citing *State v. Lewis*, 86 Wn. App. 716, 717-18, 937 P.2d 1325 (1997)).

If a statute is ambiguous, the rule of lenity requires the statute to be interpreted most favorably to the defendant. *State v. Lively*, 130 Wn.2d 1, 14, 921 P.2d 1035 (1996); *State v. Gore*, 101 Wn.2d 481, 486, 681 P.2d 227, 39 A.L.R.4TH 975 (1984); *State v. Bernard*, 78 Wn. App. 764, 768, 899 P.2d 21

(1995). A statute is ambiguous only if it is susceptible to more than one reasonable interpretation. *Bernard*, 78 Wn. App. at 768. Where a statute is ambiguous, the court may look to the legislative history for insight into legislative intent. *See Bellevue Fire Fighters Local 1604 v. City of Bellevue*, 100 Wn.2d 748, 751, 675 P.2d 592 (1984), *cert. denied*, 471 U.S. 1015, 105 S. Ct. 2017, 85 L. Ed. 2d 299 (1985).

*McCollum*, 88 Wn. App. at 988.

■ The statute indicates that a driver is in compliance if he provides the necessary information to a person struck or injured, to the driver of the vehicle, to an occupant of the vehicle, or to a person attending the vehicle. The statute does not require that the driver provide the information to *all* persons struck or injured, to *all* occupants of the vehicle, or to *all* persons attending the vehicle. That portion of the statute that mandates disclosure of information is in the disjunctive.

■ The statute may be violated by failing to render assistance to any person injured. That portion of the statute dealing with the duty to render assistance uses the language *any person injured*. It is argued by Bourne that the statute is ambiguous as to whether the driver must render assistance to all victims or to only one victim in order to avoid criminal sanctions. We look to prior case authority.

> There is little legislative history available on the "hit and run" statute. The apparent intent, however, is to provide assistance for injured persons as soon as possible, and to prevent people from avoiding liability for their acts by leaving the scene without identifying themselves. The offense does not require that the defendant cause the injury.

*State v. Hartwell*, 38 Wn. App. 135, 140, 684 P.2d 778 (1984). This judicial statutory construction plainly places the duty to render assistance for *all* injured persons. We do not find that portion of the statute to be ambiguous. But that does not answer the question of whether there can be multiple counts when multiple persons are injured. The

statute is further complicated by the fact that fault for the accident and injuries need not be that of the individual charged with hit and run and that the charged person need not even know that injuries exist. Hence, the statute is ambiguous regarding the number of counts that can be charged for multiple victims.

■ ■ We employ the rule of lenity with regard to the number of counts that can be charged for failing to render assistance. Neither the number of persons struck or injured, the number of occupants of the vehicle, nor the number of persons attending the vehicle should determine the number of counts of felony hit and run the State may charge. Rather, the number of counts with which a defendant should be charged should be based on the number of times he is involved in an accident but fails to immediately stop, render assistance, and provide the specified information. Bourne failed to stop, render assistance, and provide information only once. That the vehicle he struck happened to contain three people should not determine whether he can be charged and convicted of three counts of felony hit and run. If the Legislature wishes to clarify the statute, it can easily do so.

This position is consistent with *Vela*, 100 Wn.2d 636, which established that the State is required to prove only that the defendant knew that an accident occurred and is not required to prove that the defendant knew that the accident resulted in injuries. "Knowledge of the accident is all the knowledge that the law requires. If a motorist knows he has been involved in an accident and fails to stop, he is guilty of violating RCW 46.52.020." *Id.* at 641. To base the number of counts of felony hit and run on the number of people injured in an accident or on the number of passengers in a vehicle would be inconsistent with the rule that a defendant does not have to know whether anyone was injured at all in order to be liable for felony hit and run.

The defendant in *State v. Morris*, 87 Wn. App. 654, 658, 943 P.2d 329 (1997), failed to stop after she struck several

bicyclists riding together alongside the road. One cyclist died two days later as a result of the impact, a second cyclist suffered severe injuries and lapsed into a coma, and several other cyclists sustained minor injuries. *Id.* at 658. Although there were multiple individuals involved in the accident, the defendant was charged with and eventually convicted of only one count of felony hit and run, along with one count of vehicular homicide and one count of vehicular assault. *Id.*

For purposes of determining the number of counts of felony hit and run that are appropriate, felony hit and run is analogous to first degree burglary based on assault. A person is guilty of first degree burglary if, with intent to commit a crime against a person or property therein, he or she enters or remains unlawfully in a building and if, in entering or while in the building or in immediate flight therefrom, the actor or another participant (a) is armed with a deadly weapon, or (b) assaults any person. RCW 9A.52.020(1). The burglary defendant in *State v. Davison*, 56 Wn. App. 554, 555, 784 P.2d 1268, *review denied*, 114 Wn.2d 1017 (1990), burst into an apartment, drew a gun, and pointed it at the resident. The defendant struck both the resident and a guest on the head with the gun, and robbed the guest. *Id.* at 555-56. Although the defendant assaulted both the resident and her guest, the defendant was eventually charged and convicted of only one count of first degree burglary. *Id.* at 556, 559-60. Similarly, the defendant in *State v. Vahey*, 49 Wn. App. 767, 769-70, 776, 746 P.2d 327 (1987), *review denied*, 110 Wn.2d 1013 (1988), entered a home unlawfully and assaulted two women while in the home. Although two women were assaulted, the defendant was charged with and eventually convicted of only one count of burglary in the first degree. *Id.* at 768. Although these cases do not specifically address the number of counts of burglary that were appropriate, they demonstrate how burglary is charged, i.e., multiple victims do not mean multiple burglaries.

The State equates charging felony hit and run based on

the number of occupants in a vehicle with charging vehicular homicide, RCW 46.61.520, or vehicular assault, RCW 46.61.522, based on the number of persons killed or assaulted. "The elements of vehicular homicide are (1) the death of a person (2) proximately caused by a driver who either (a) was under the influence of intoxicating liquor or (b) drove in a reckless manner or (c) drove with disregard for the safety of others." *State v. Lucky*, 128 Wn.2d 727, 734 n.4, 912 P.2d 483 (1996). A driver commits vehicular assault when he or she drives either recklessly or under the influence of intoxicating liquor or any drug, and that conduct is the proximate cause of serious bodily injury.[1] *State v. Hursh*, 77 Wn. App. 242, 246, 890 P.2d 1066, *review denied*, 126 Wn.2d 1025 (1995). While hit-and-run driving is leaving the scene of an accident and is totally independent of any fault in causing the accident, *State v. Lutman*, 26 Wn. App. 766, 768, 614 P.2d 224 (1980); RCW 46.52.020(3), the focus of both vehicular homicide and vehicular assault is the death or serious bodily injury proximately caused by the defendant's driving, and the defendant's fault in causing the accident is of major significance. In addition, the Legislature has recently provided that multiple counts of vehicular homicide and vehicular assault may be charged where multiple victims occupy the same vehicle. *See* RCW 9.94A.400(1)(a).[2]

The facts in *State v. Quiros*, 78 Wn. App. 134, 896 P.2d 91, *review denied*, 127 Wn.2d 1024 (1995), are similar to the facts here. In *Quiros*, the defendant drove a car ap-

---

[1]"Serious bodily injury" is defined as "bodily injury which involves a substantial risk of death, serious permanent disfigurement, or protracted loss or impairment of the function of any part or organ of the body." RCW 46.61.522(2).

[2]RCW 9.94A.400(1)(a) states, in relevant part:

[I]f the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. . . . "Same criminal conduct," as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim. This definition applies in cases involving vehicular assault or vehicular homicide even if the victims occupied the same vehicle.

proximately 85 mph through a residential street and collided with a pickup truck at an intersection, severely injuring the driver and his two young sons. 78 Wn. App. at 136. Although not an issue on appeal, the defendant was charged with only one count of felony hit and run but three counts of vehicular assault.[3] *Id.* at 136.

Under the current statute, the number of counts of felony hit and run with which a defendant can be charged and convicted cannot be based on the number of *people* involved in the accident, but rather on the number of times that the defendant fails to stop, render aid, and provide information as required by RCW 46.52.020. The trial court properly dismissed Counts II and III.

## II. Exceptional Sentence

Bourne challenges his exceptional sentence. He argues that "multiple victims" cannot form the basis of an exceptional sentence and that there were no "victims" of this offense, as that word is defined in RCW 9.94A.030(37). The Sentencing Reform Act of 1981 (SRA) authorizes sentences outside the standard range if "there are substantial and compelling reasons justifying an exceptional sentence." RCW 9.94A.120(2). RCW 9.94A.390 includes a list of aggravating and mitigating circumstances a trial court may consider in imposing an exceptional sentence. The factors given "are illustrative only and are not intended to be exclusive reasons for exceptional sentences." RCW 9.94A.390.

Appellate review of an exceptional sentence is governed by RCW 9.94A.210(4), which requires review of three specific issues:

> 1. Are the reasons given supported by evidence in the record? As to this, the standard of review is "clearly erroneous."

> 2. Do the reasons justify a departure from the standard range? The standard of review on this is as a "matter of law."

---

[3]Bourne was not charged with vehicular assault because the injuries sustained by the three passengers were not severe enough to constitute "serious bodily injury."

3. Is the sentence clearly [too excessive or] too lenient? The standard of review on this last question is "abuse of discretion."

*State v. Allert*, 117 Wn.2d 156, 163, 815 P.2d 752 (1991) (footnotes omitted). *See also State v. Branch*, 129 Wn.2d 635, 645-46, 919 P.2d 1228 (1996); *State v. Garza*, 123 Wn.2d 885, 889, 872 P.2d 1087 (1994). Bourne challenges only the second prong, that the reasons given by the trial court do not justify a departure from the standard range. He specifically concedes that there can be no dispute with the trial court's findings that three people were injured in the one vehicle that he struck, and that the standard range for one count of hit and run injury and DUI is 15-20 months. Nor does Bourne claim that the sentence imposed is clearly excessive.

The trial court gave the following reasons for departing from the standard range:

1. There were multiple victims.

2. The standard range of 15-20 months is insufficient.

3. There are substantial and compelling reasons which justify going beyond the standard range.

The trial court may consider as an aggravating circumstance justifying imposition of an exceptional sentence a "current offense [that] was a major economic offense or series of offenses, so identified by a consideration of any of the following factors: (i) The current offense involved multiple victims or multiple incidents per victim." RCW 9.94A.390(2)(d).

The SRA's list of aggravating circumstances includes the following factor in the context of a major economic offense or series of offenses: "The offense involved multiple victims or multiple incidents per victim." Former RCW 9.94A.390(3)(a). This court has sanctioned the application of this factor to a noneconomic offense, noting the nonexclusive nature of the SRA's list of aggravating circumstances. *State v. Armstrong*, 106 Wn.2d 547, 550, 723 P.2d 1111 (1986) (infliction of multiple

injuries in the course of a second degree assault is a factor which justifies an exceptional sentence).

*State v. Fisher,* 108 Wn.2d 419, 425, 739 P.2d 683 (1987).

In *State v. Armstrong,* 106 Wn.2d 547, 550, 723 P.2d 1111 (1986), the multiple injuries that formed the basis of the exceptional sentence took place in the course of a single assault. Here, the multiple victims that formed the basis of the exceptional sentence were occupants of a single vehicle hit by Bourne in a hit-and-run accident.

In addition, "multiple victims" may form the basis for an exceptional sentence " 'when a defendant's conduct which forms the basis of the charge creates multiple victims and the State has not filed multiple charges.' " *State v. Flake,* 76 Wn. App. 174, 184, 883 P.2d 341 (1994) (quoting *State v. Smith,* 67 Wn. App. 81, 90, 834 P.2d 26 (1992), *modified on other grounds,* 123 Wn.2d 51, 864 P.2d 1371 (1993)). Although the State did file multiple charges here, only one count of felony hit and run was appropriate; thus, the trial court could consider as an aggravating factor the multiple victims in the vehicle that Bourne hit. A "multiple victims" exceptional sentence for one count of vehicular assault was upheld in *Flake* where the defendant was charged with only one count of vehicular assault but the vehicle contained three occupants. 76 Wn. App. at 184-86.

In *State v. Davis,* 53 Wn. App. 306, 311, 766 P.2d 1120, *review denied,* 112 Wn.2d 1015 (1989), where only one occupant of a vehicle died but three other occupants were injured, the existence of multiple victims justified an exceptional sentence for one count of vehicular homicide.

> [W]e hold that multiple victims injured by the conduct forming the basis of a charged crime can provide a legally sufficient basis for an exceptional sentence. The presumptive range of vehicular homicide is based on there being one victim of the charged crime—the decedent. *When in reality the conduct forming the basis of the charge creates multiple victims, an exceptional sentence is permissible to ensure that the sentence given is proportional to the offense. We note that in this*

*circumstance, the court is not so much looking at other uncharged crimes as an aggravating factor as it is looking at the consequences of the charged crime.* Accordingly, the trial court was correct in determining that there was a multiple victims' aggravating circumstance justifying appellant's sentence.

*Davis*, 53 Wn. App. at 313 (emphasis added) (citing *Armstrong*, 106 Wn.2d at 550).

Bourne relies on the recent changes in the RCW 9.94A.400(1)(a) definition of "same criminal conduct" to argue that multiple victims of felony hit and run cannot be an aggravating factor. Following the definition of "same criminal conduct," former RCW 9.94A.400(1)(a) (1987) stated: "This definition does not apply in cases involving vehicular assault or vehicular homicide if the victims occupied the same vehicle. However, the sentencing judge may consider multiple victims in such instances as an aggravating circumstance under RCW 9.94A.390." The amended statute now reads: "This definition applies in cases involving vehicular assault or vehicular homicide even if the victims occupied the same vehicle." RCW 9.94A.400(1)(a). "Same criminal conduct" is when two or more current offenses are treated as one crime rather than as multiple convictions. RCW 9.94A.400(1)(a). "Same criminal conduct" analysis is not relevant where there is only one current offense. It was established above, and Bourne agrees, that only one count of felony hit and run was appropriate. Thus, "same criminal conduct" analysis is not relevant.

Bourne also claims that the trial court could not impose an exceptional sentence based on multiple victims because "there can be no 'victims' of 'felony hit and run.' " He argues that the occupants of the vehicle were not "victims," as defined in RCW 9.94A.030(37). A "victim" is "any person who has sustained emotional, physiological, physical, or financial injury to person or property as a direct result of the crime charged." RCW 9.94A.030(37). Bourne claims that the three occupants of the vehicle were injured

by the accident, not by the "crime charged," felony hit and run, which he committed after the accident when he failed to remain at the scene. He reasons that, because the accident was not the crime charged, the injuries were not sustained "as a direct result of the crime charged" and therefore the three occupants cannot be considered "multiple victims." A similar argument was rejected in *Davis*, 53 Wn. App. at 310. "[A] 'victim' is one whose injuries are proximately caused by conduct forming the basis of the crime charged." *Davis*, 53 Wn. App. at 310.

Further, the strongest case supporting Bourne's position is *State v. Hartwell*, 38 Wn. App. 135, 684 P.2d 778 (1984), wherein the court denied restitution for multiple victims of a hit-and-run accident. The rationale was that there was an insufficient casual relationship between the injuries sustained and the crime because the injuries would have been sustained even if the defendant had remained at the scene of the accident. *Id.* at 140. Hence, the losses were not suffered by reason of the crime in question. *Id.* Even though the court denied restitution, it still referred to the injured persons as *victims*. We must differentiate between "victims" for purposes of restitution and "victims" for purposes of sentencing. RCW 9.94A.142, establishing restitution, has specific rules regarding those damages for which restitution can be ordered.[4] *Hartwell* merely stands for the proposition that there was not a sufficient casual connection between the offense and the injuries incurred in order to order restitution. Any attempt to expand its significance would be misplaced.

---

[4]The restitution statute states, in relevant part:

[R]estitution ordered by a court pursuant to a criminal conviction shall be based on easily ascertainable damages for injury to or loss of property, actual expenses incurred for treatment for injury to persons, and lost wages resulting from injury. Restitution shall not include reimbursement for damages for mental anguish, pain and suffering, or other intangible losses, but may include the costs of counseling reasonably related to the offense.

RCW 9.94A.142(1).

Even *Hartwell* notes that the statute requires that the defendant render aid to all injured persons. 38 Wn. App. at 140. Under the statute, failure to render assistance is a crime; thus, those to whom the defendant did not render assistance are victims. In any event, we are not called upon to comment on restitution; we are asked only to decide the legality of an exceptional sentence.

We decide the issue of sentencing, whether there were multiple victims of the hit and run to justify an exceptional sentence, based upon the statute. The Legislature has imposed a duty upon a person who is involved in an accident to render assistance to all persons injured by the accident, regardless of whether that person is at fault for the accident or whether the injuries were caused by that person's actions. The liability imposed is a criminal sanction, and the statute is not ambiguous in that all injured persons should receive assistance. In the instant case, all three young passengers of the vehicle that Bourne hit incurred painful injuries. Two exited the car screaming while the third could not get out of the back seat. One of the passengers could not open her eye because blood flowing from her forehead covered her face. The statute contemplates that another driver involved in such an accident might be in a better position to render assistance and arrange for medical treatment. A commonsense reading of RCW 46.52.020 leads to the conclusion that all passengers of the vehicle that Bourne hit were entitled to assistance because all were injured; this is the expressed intent of the Legislature. It defies common sense to say that persons who are injured and deserving of assistance but are denied such assistance are not "victims." The term "victim" is applicable to such persons. The possible consequences of the denial of assistance are prolonged pain and emotional trauma, the risk of additional complications, and aggravation of a medical condition. The evidence indicates that the three minor passengers sustained emotional, physiological, and physical injury proximately caused by Bourne's conduct and that such conduct formed the basis for the

felony hit and run charge. The three passengers may be considered "victims" for purposes of determining whether there were "multiple victims" of the felony hit and run. The trial court did not err in imposing an exceptional sentence.

Affirmed.

MORGAN and ARMSTRONG, JJ., concur.