[No. 16739-9-III. Division Three. July 1, 1999.]

THE CITY OF SPOKANE, *Respondent*, v. EDWARD S. CARLSON, *Petitioner.*

*Rebecca Leigh Hirschel* and *Katherine Steele Knox*, for petitioner.

*Salvatore J. Faggiano, City Prosecuting Attorney*, and *John Andrew Level, Assistant City Attorney*, for respondent.

SWEENEY, J. — Spokane Municipal Code (SMC) 16.52.020(2) requires that a driver involved in an accident stop "at the scene of such accident or as close thereto as possible" to exchange information. The ordinance also requires that the stop "be made without obstructing traffic more than is necessary." Edward Carlson struck Lisa Watkins' car while changing lanes on a crowded city street. He waved and left.

The first question is whether the ordinance is unconstitutionally vague because it does not clearly delineate who must stop, or when or where. We conclude the ordinance is not vague and therefore is constitutionally sound. The next question is whether the court erroneously interpreted the ordinance to require Mr. Carlson to stop. We conclude the court did not. The final question is whether the evidence

supports the court's finding that Mr. Carlson violated the statute. It does. We therefore affirm the conviction.

## FACTS

Lisa Watkins stopped for a red light in the southbound, right-hand lane on the Division Street Bridge in Spokane. The light turned green. Edward Carlson tried to change lanes but collided with the rear-end of Ms. Watkins' vehicle. Mr. Carlson then pulled along the driver's side of Ms. Watkins' car and gave, what she interpreted as, a goodbye wave. He did not indicate that he was going to stop. Ms. Watkins wrote down Mr. Carlson's license plate number.

Mr. Carlson drove through the intersection in the left-hand lane. He drove ahead of Ms. Watkins but did not stop. Ms. Watkins lost sight of his car. She drove to work, called the police, and reported the incident.

Mr. Carlson explained that he did not stop at the accident scene because he would have blocked both southbound lanes of traffic on the bridge. He pulled up next to Ms. Watkins and motioned for her to pull over further up the street. He sped ahead of traffic and attempted to move into the right-hand lane to pull off the road and exchange information. He could not immediately move into the right-hand lane due to traffic. Mr. Carlson eventually pulled into a parking lot several blocks away from the site of the accident. He waited for Ms. Watkins for about 30 seconds. He then retraced his path to find Ms. Watkins. Mr. Carlson did not find her.

Officer Samuel Hairston estimated that the collision caused $500 in damages to Ms. Watkins' vehicle. Officer Hairston left his name and number with Mr. Carlson's employer and asked that Mr. Carlson return the call. Mr. Carlson did not respond. Officer Hairston turned the case over to Officer Marty Bowman.

Officer Bowman cited Mr. Carlson for hit and run to an attended vehicle, SMC 16.52.020(5). The Spokane County District Court convicted him. The court found it unreason-

able for Mr. Carlson to expect Ms. Watkins to follow him. It concluded that SMC 16.52.020 required Mr. Carlson to stop at the scene of the accident or the first available place.

Mr. Carlson appealed to Spokane County Superior Court. He also challenged the sufficiency of the evidence. Mr. Carlson apparently contended during his argument to the Superior Court that the clause "as close thereto as possible" in SMC 16.52.020(2) is unconstitutionally vague. The court refused to address the vagueness argument because Mr. Carlson had not briefed it. The Superior Court concluded the evidence was sufficient and affirmed the conviction.

We granted discretionary review.

## DISCUSSION

1. Is SMC 16.52.020 unconstitutionally vague?

 An ordinance is presumed constitutional. The party challenging it therefore bears the burden of proving its unconstitutionality beyond a reasonable doubt. *State v. Thorne*, 129 Wn.2d 736, 769-70, 921 P.2d 514 (1996).

 This ordinance is void for vagueness if it " 'does not define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is proscribed,' or if it 'does not provide ascertainable standards of guilt to protect against arbitrary enforcement.' " *Id.* at 770 (quoting *State v. Myles*, 127 Wn.2d 807, 812, 903 P.2d 979 (1995)). First Amendment rights are not involved here. So we evaluate the constitutionality of the ordinance as applied to Mr. Carlson's conduct. *City of Spokane v. Douglass*, 115 Wn.2d 171, 182-83, 795 P.2d 693 (1990).

Mr. Carlson's testimony here undermines his challenge. He knew he had to stop. He did not stop at the scene, but only out of fear that he would block traffic. He then retraced his path to get as close to the accident location as

possible. Even a cursory review of SMC 16.52.020[1] shows a clear road map for its violation.

To convict Mr. Carlson of violating SMC 16.52.020, the City had to prove:

(1) An accident involving Mr. Carlson's taxicab and Ms. Watkins' vehicle occurred in the City of Spokane on January 9, 1996;

(2) Damage to Ms. Watkins' vehicle resulted;

(3) Mr. Carlson, subject to the requirement that he not obstruct traffic more than necessary, failed to (a) immediately stop his taxicab at the scene of the accident, or (b) stop his taxicab as close as possible to the accident scene and return to the accident scene, and remain at the accident scene;

(4) Mr. Carlson failed to give his name, address, insurance company, insurance policy number, and vehicle license number, and exhibit his vehicle driver's license to Ms. Watkins.

SMC 16.52.020(2), (3). This ordinance defines the criminal offense with sufficient certainty to avoid arbitrary enforcement.

---

[1]SMC 16.52.020 states, in relevant part:

"(2) The driver of any vehicle involved in an accident resulting only in damage to a vehicle which is driven or attended by any person or damage to other property shall immediately stop such vehicle at the scene of such accident or as close thereto as possible and shall forthwith return to, and in any event shall remain at, the scene of such accident until he has fulfilled the requirements of subsection (3) of this section; every such stop shall be made without obstructing traffic more than is necessary.

"(3) Unless otherwise provided in subsection (7) of this section the driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person or damage to other property shall give his name, address, insurance company, insurance policy number, and vehicle license number and shall exhibit his vehicle driver's license to any person struck or injured or the driver or any occupant of, or any person attending, any such vehicle collided with and shall render to any person injured in such accident reasonable assistance, including the carrying or the making of arrangements for the carrying of such person to a physician or hospital for medical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person or on his behalf. Under no circumstances shall the rendering of assistance or other compliance with the provisions of this subsection be evidence of the liability of any driver for such accident."

2. Did the district court erroneously interpret SMC 16.52.020 by placing the burden to exchange information on Mr. Carlson?

■ *Standard of Review.* Construction of an ordinance is a question of law. Review is therefore de novo. *McTavish v. City of Bellevue*, 89 Wn. App. 561, 564, 949 P.2d 837 (1998).

■ An ordinance is ambiguous only if it is susceptible of more than one reasonable interpretation. *State v. Bourne*, 90 Wn. App. 963, 970, 954 P.2d 366 (1998). We construe an ambiguous ordinance sensibly to effect the legislative intent and to avoid an unjust and absurd result. *State v. Hughes*, 80 Wn. App. 196, 199, 907 P.2d 336 (1995); *State v. Vela*, 100 Wn.2d 636, 641, 673 P.2d 185 (1983).

■ ■ Mr. Carlson argues that both he *and* Ms. Watkins were "the driver of any vehicle involved in an accident" and therefore she also had an obligation to stop. SMC 16.52.020(2). We read the ordinance as a whole. *Hughes*, 80 Wn. App. at 199. "[R]esulting only in damage to a vehicle which is driven or attended by any person" qualifies the clause Mr. Carlson focuses on. SMC 16.52.020(2). Reading the ordinance then as a whole, the driver of the vehicle who was a cause of the accident resulting in damage to another vehicle must immediately stop his or her vehicle at the scene of the accident or as close thereto, or return to the accident scene, and exchange information and render any reasonable assistance necessary. SMC 16.52.020(2), (3). The burden of exchanging information falls on the motorist who causes the accident. SMC 16.52.020(3).

Cases interpreting the equivalent state statute, RCW 46.52.020, support our analysis. And we appropriately rely on them. *Inland Empire Distribution Sys., Inc. v. Utilities & Transp. Comm'n*, 112 Wn.2d 278, 283, 770 P.2d 624, 87 A.L.R.4TH 627 (1989); *Hughes*, 80 Wn. App. at 201.

In *Vela*, the court held that knowledge of an accident is all that is required. 100 Wn.2d at 640-42.

Reason dictates that the Legislature intended to punish hit-and-run drivers involved in accidents resulting in either prop-

erty damage or injury to some person. Knowledge of the accident is all the knowledge that the law requires. If a motorist knows he has been involved in an accident and fails to stop, he is guilty of violating RCW 46.52.020.

*Vela*, 100 Wn.2d at 641.

In *Bourne*, the court held that a driver complies "if he provides the necessary information to a person struck or injured, to the driver of the vehicle, to an occupant of the vehicle, or to a person attending the vehicle." 90 Wn. App. at 970. In *Hughes*, the defendant was drag racing with another vehicle but then broke off. 80 Wn. App. at 197. We held that the statutory duty to stop attaches even without physical contact between his vehicle and the person or property of another. The only requirement is that the defendant was involved in the accident. *Hughes*, 80 Wn. App. at 202.

We would unreasonably strain the language of SMC 16.52.020 if we placed the burden of exchanging information on the driver of the attended and damaged vehicle. Such a reading is counter to the rationale of the "hit-and-run" ordinance. The driver of an attended and damaged vehicle may also be injured and therefore unable to exchange information. "Hit-and-run" laws require assistance for injured persons, as soon as possible. And they prevent people from avoiding liability for their acts by leaving the accident scene without identifying themselves. *Bourne*, 90 Wn. App. at 970. The information exchange also facilitates the identification and investigation of those responsible for the accident. *Hughes*, 80 Wn. App. at 200-01. Under Mr. Carlson's construction, the injured person may well not receive the assistance contemplated by SMC 16.52.020(3).

Mr. Carlson relies on *State v. Teuber*, 19 Wn. App. 651, 577 P.2d 147, *review denied*, 91 Wn.2d 1006 (1978). The facts in *Teuber*, however, are easily distinguished.

The *Teuber* court reversed a conviction of RCW 46.52.020 for insufficiency of the evidence. But there the drivers

involved in the accident were next door neighbors. Each driver knew the other's address. The driver at fault did not move his vehicle. And the driver of the attended and damaged vehicle left the scene of the accident (to call the police). *Id.* at 657. The court concluded that Mr. Teuber did not commit hit-and-run because the driver of the attended and damaged vehicle voluntarily departed which "obviated the requirement that Teuber exhibit his vehicle operator's license." *Id.*

Mr. Carlson and Ms. Watkins did not have a relationship in which either could locate the other to exchange information. The court therefore properly placed the burden to exchange information on Mr. Carlson.

3. Is the evidence sufficient to support the conviction for violating SMC 16.52.020?

█ *Standard of Review.* The test for sufficiency of the evidence is well settled. After viewing the evidence in the light most favorable to the State, we must determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom. *State v. Spruell*, 57 Wn. App. 383, 385, 788 P.2d 21 (1990). We accept any express or reasonably inferred factual determinations supported by substantial evidence. RALJ 9.1(a), (b); *State v. Ford*, 110 Wn.2d 827, 829-30, 755 P.2d 806 (1988).

Mr. Carlson's cab collided with Ms. Watkins' vehicle in the City of Spokane. He pulled up, "gave a wave of good-bye," and then sped off in the left lane. Mr. Carlson knew that he had collided with Ms. Watkins' vehicle. He did not indicate that he was going to stop. He stayed a half block ahead of Ms. Watkins. Ms. Watkins then lost sight of his cab. The collision resulted in an estimated $500 of damage to Ms. Watkins' vehicle. He did not speak with a law enforcement officer until Officer Bowman approached him

six days later. The evidence is sufficient to convict Mr. Carlson of violating SMC 16.52.020.

The judgment of the superior court is affirmed.

SCHULTHEIS, C.J., and KATO, J., concur.