NELSON, J.
Crystal Olney was tried before a jury on the charge of Physical Control, CTLOC 3-3-3 & 3-3-1 (which incorporates by reference RCW 46.61.504, Actual Physical Control). Ms. Olney moved for a directed verdict after the prosecution had rested its case in chief: the motion was granted and the case dismissed. Colville Confederated Tribes (CCT) did not make an exception to the order, but appeals the directed verdict. We reverse and remand for a new trial.

ISSUES

We have two issues before us:
1. Whether an appeal is precluded when a party losing a motion fails to note an objection to the ruling; and
2. Whether the trial court judge erred at law when granting the motion for a directed verdict leading to the dismissal of the case against the defendant.

FACTS

On December 11, 2011, Officer Mar-chand of the Colville Tribal Police located a van in a ditch off the roadway at Mile Post .5 of the Moses Meadows/Lyman Lake Road. Crystal Olney was in the middle seat of the van, the engine was not running, and the keys were found on the floor of the van.
When tribal police arrived they found the engine still warm and heard Ms. Olney ask “where have you been? I called you (a long time ago).” Ms. Olney smelled of alcohol and was given a BAC test, the result of which was .101.
She was charged with violating Colville Law and Order Code (CTLOC), Sections 3-3-3 and 3-3-1 (which incorporates by reference RCW 46.61.504, Actual Physical Control). The complaint against her acknowledged the affirmative defense allowed by Section 3-3-3 (Vehicle Safely Off Roadway).
Ms. Olney moved for a directed verdict after Officer Marchand testified to the above. The written motion alleged that Officer Marchand’s testimony showed the van to be safely off the roadway and that Ms. Olney did not have physical possession of the van while under the influence of alcohol. The prosecution argued against the motion. The motion was granted and the case dismissed. The prosecution did not preserve its objection.

STANDARD OF REVIEW

Whether “an appeal is precluded where the losing party to a motion fails to note an objection to the ruling” is an issue at law. There is sound reasoning in the position that questions of law “are reviewed under the non-deferential de novo standard.” United States v. McConney, 728 F.2d 1195 (9th Cir.1984); CCT v. Naff, 2 CCAR 50, 2 CTCR 08, 22 ILR 6032 (1995).
*205 “In reviewing a trial court decision denying either a motion for a directed verdict ... the appellate court applies the same standard as the trial court: that is, whether there is sufficient evidence that could support a verdict. Stiley v. Block, 130 Wash.2d 486, 504, 925 P.2d 194 (1996); Hizey v. Carpenter, 119 Wash.2d 251, 271, 830 P.2d 646 (1992); State v. Bourne, 90 Wash.App. 963, 967-68, 954 P.2d 366 (1998).”
In other words, we review the matter de novo.

DISCUSSION

The issues before us are a matter of first impression before this court. When there is no statutory or ease law applicable to an issue before this court, it may look to other jurisdictions for instruction. CTLOC 2-2-102.
1. Failure to preserve objection:
Colville Tribal Court of Appeals Court Rule (COACR) 7(a)(6) states: “Grounds for requesting a new trial or a limited appeal on issues of law and/or fact shall be limited to (an) ... Error of law occurring at trial and excepted to at any time by the party”.
Ms. Olney contends that the prosecution did not note an exception or object to the Trial Court’s granting a directed verdict and dismissing the case, thus not perfecting the right to appeal. The prosecution opposed the motion at the time it was heard by the trial court judge.
This court has long adhered to the philosophy of “substance over form.” Tribal courts nationwide are faced every day with pro se parties or advocates/spokespersons representing them who have no formal training at law. Accordingly, tribal courts are forced to be flexible, but just, in the application of the law.
COACR 1 provides that “While these rules are specific, the Court of Appeals may allow flexibility in their application.” A similar provision is set forth in the Washington State Rules of Appellate Procedure. RAP 1.2(a) states that the appellate rules of procedure “will be liberally interpreted to promote justice and facilitate the decision of cases on the merits. Cases and issues will not be determined on the basis of compliance or noncompliance with these rules except in compelling circumstances where justice demands.... ”
Such was the case in Washington v. Olson, 126 Wash.2d 315, 893 P.2d 629 (1995). That court stated:
“It is clear from the language of RAP 1.2(a), and the cases decided by this Court, that an appellate court may exercise its discretion to consider cases and issues on their merits. This is true despite one or more technical flaws in an appellant’s compliance with the Rules of Appellate Procedure. This discretion, moreover, should normally be exercised unless there are compelling reasons not to do so. In a case where the nature of the appeal is clear and the relevant issues are argued in the body of the brief and citations are supplied so that the Court is not greatly inconvenienced and the respondent is not prejudiced, there is no compelling reason for the appellate court not to exercise its discretion to consider the merits of the case or issue.” at P. 323, 893 P.2d 629
We find that the nature of the appeal is clear, that this Court is not greatly inconvenienced, and that Ms. Olney is not unduly prejudiced by allowing the appeal to proceed.
2. Whether the Trial Court judge erred when granting the motion for a directed verdict
The defendant, as noted, moved for a directed verdict after the prosecution rest *206 ed its case in chief at trial. The prosecution objected, arguments were made, and the Trial Court then dismissed the charge of Actual Physical Control with prejudice.
Appellate Courts of the State of Washington have considered numerous cases regarding directed verdicts. A succinct summary of the law regarding directed verdicts in the State of Washington can be found in Dunnell v. Department of Social and Health Services, 118 Wash.App. 1019, 2003 WL 21963051 (Wash.App. Div. 2, 2003). That court determined that:
“A directed verdict is appropriate only if as a matter of law there is no substantial evidence of reasonable inference to sustain a verdict for the nonmoving party when viewing the evidence in the light most favorable to the nonmoving party. Hisey v. Carpenter, 119 Wash.2d 251, 271-72, 830 P.2d 646 (1992); Levy v. North Am. Co., 90 Wash.2d 846, 851, 586 P.2d 845 (1978). Substantial evidence means evidence that evidence would convince “an unprejudiced, thinking mind.” Hizey 119 Wash.2d at 272, 830 P.2d 646 (quoting Indus. Indem. Co. of Northwest, Inc. v. Kallevig, 114 Wash.2d 907, 916, 792 P.2d 520 (1990). At the same time, if any justifiable evidence on which reasonable minds might reach conclusions that sustain the verdict, the question is for the jury. Levy at P. 851, 586 P.2d 845.”
Officer Marchand’s testimony showed that Ms. Olney had a BAC reading of .101 percent; that she had been with the vehicle for some time while waiting for the police; that the engine was still warm; and that she was the sole occupant of the vehicle when it was found. Reasonable minds could infer that she had been operating the van while under the influence of alcohol and, thus, guilty of Physical Control.
The affirmative defense to the charge of Actual Physical Custody is that the vehicle was safely off the roadway. CTLOC 3-3-3. This is a question of fact. In criminal jury trials, the jury determines matters of fact. A judge may grant a motion for a directed verdict only where no reasonable inference that will sustain a jury verdict in favor of the non-moving party. Levy, supra.
A jury could determine that a vehicle in a ditch alongside a roadway is not “safely off’ the roadway for the reason that emergency vehicles blocking or partially blocking the roadway cause other vehicles to slow down. A jury could easily infer that drivers of oncoming vehicles could cause their own accident while looking to see what has happened.
In this instance, the question whether Ms. Olney’s van was safely off the roadway was a question for the jury to determine. “A trial court has no discretion in ruling on a motion for a directed verdict, but must accept as true the non-moving party’s evidence and draw all favorable inferences arising from it.” Saunders v. Lloyd’s of London, 113 Wash.2d 330, 335, 779 P.2d 249 (1989). Simply put, it is not the trial court’s function to determine fact. It is the sole province of the jury.
CONCLUSION
Accordingly, the Trial Court’s order dismissing the complaint herein is REVERSED. This matter is REMANDED for a new trial.