## NOTICE: SLIP OPINION
### (not the court's final written decision)

The opinion that begins on the next page is a slip opinion. Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision. Slip opinions can be changed by subsequent court orders. For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion. Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports. An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.** The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports. Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| TAMMY REEVES, | ) | |
| | ) | No.  38548-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| MASON COUNTY, a political | ) | |
| subdivision of the state of Washington, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — RCW 49.48.030 affords an employee reasonable attorney fees and costs against her employer when recovering wages.  We must decide whether to dismiss, on res judicata or collateral estoppel grounds, a standalone suit seeking recovery of fees and costs, under RCW 49.48.030, when the employee recovered wages in the course of an earlier administrative proceeding.  We decline to apply collateral estoppel because of a difference in issues in the respective suits.  We also decline to apply either of the two bars because operation of the related doctrines, under our circumstances, fails to fulfill their purposes.  We further demur because of a strong Washington public policy favoring

No. 38548-5-III
*Reeves v. Mason County*

employees owed wages. We thereby affirm the superior court's award of reasonable

attorney fees and costs to Tammy Reeves for attorney services incurred when seeking

relief against Mason County for whistleblower retaliation before the Office of

Administrative Hearings (OAH) and appeals of OAH rulings to the superior court.

FACTS

Mason County Sheriff's Office Corrections Officer Tammy Reeves claims she lost

a promotion because of whistleblowing activity. The claim underwent numerous

hearings before OAH and appeals of OAH rulings to the superior court. Reeves filed the

present suit after the conclusion of proceedings before OAH.

On February 24, 2014, during her tenure as a correctional officer with the Mason

County Sheriff's Office, Reeves submitted a complaint with the Mason County human

resources manager. She alleged that the sheriff office's management subjected

employees to verbal abuse, denied officers training opportunities, and ignored pervasive

problems at the jail.

Later in 2014, Tammy Reeves applied for one of four open positions for corporal

at the Mason County Sheriff's Office. The Mason County sheriff decided who to

promote. He did not promote Reeves. Reeves believed that the sheriff denied her the

promotion because of her human resources complaint.

On September 26, 2014, Tammy Reeves filed a complaint with Mason County's

Prosecuting Attorney's Office that alleged a wrongful denial of a promotion in violation

2

No. 38548-5-III
*Reeves v. Mason County*

of the Local Government Whistleblower Protection Act, chapter 42.41 RCW.  On

October 24, 2014, Reeves requested that Mason County refer her complaint to OAH for

an evidentiary hearing.  Pursuant to RCW 42.41.040, the county complied with Reeves'

request.

In March 2015, OAH Administrative Law Judge (ALJ) Jeffrey Friedman

conducted an evidentiary hearing to address Tammy Reeves' complaint.  On April 15,

2015, ALJ Friedman entered an order that concluded Mason County had retaliated

against Reeves.  In addition to other relief, ALJ Friedman awarded Reeves attorney fees

and costs incurred through April 15, 2015, in the amount of $32,745.03 pursuant to

RCW 42.41.040(7).  The statute allows the ALJ, at the judge's discretion, to "award costs

and reasonable attorney' fees to the prevailing party."

Mason County appealed ALJ Jeffrey Friedman's ruling to the Thurston County

Superior Court.  The superior court ruled that the evidence supported the ALJ's findings

of fact, but the ALJ had applied an erroneous legal test.  The superior court remanded for

additional findings.

On remand, OAH assigned the rehearing to ALJ Lisa Dublin.  ALJ Dublin issued

new findings of fact and concluded that the evidence failed to establish that the Mason

County sheriff knew that Tammy Reeves had complained about the sheriff's office.

Therefore, ALJ Dublin ruled in favor of Mason County.

3

No. 38548-5-III
*Reeves v. Mason County*

Tammy Reeves appealed ALJ Lisa Dublin's order to the superior court. The superior court ruled that, because it previously upheld ALJ Jeffrey Freidman's findings of fact, ALJ Dublin erred by entering findings contrary to those of ALJ Freidman. The court reversed ALJ Dublin's order and remanded for another hearing before an ALJ other than Lisa Dublin.

On the second remand, OAH assigned the case to ALJ Johnette Sullivan. On March 19, 2020, ALJ Sullivan entered a final order concluding that Mason County retaliated against Tammy Reeves in violation of the county's whistleblower policy. ALJ Sullivan awarded Reeves monetary relief in the amount of $7,462.80. ALJ Sullivan also reinstated Reeves' original award of attorney fees and costs in the amount of $32,745.03, which expenses she incurred through April 15, 2015. ALJ Sullivan also awarded reasonable attorney fees and costs incurred by Reeves during the second remand proceedings before Sullivan. ALJ Johnette Sullivan concluded, however, that she lacked authority to award reasonable attorney fees to Reeves for services performed by Reeves' counsel during judicial review by the Thurston County Superior Court and during remand proceedings before ALJ Lisa Dublin. ALJ Sullivan did not explain why she lacked authority to grant Reeves attorney fees incurred on judicial review and before ALJ Lisa Dublin.

ALJ Johnette Sullivan's final order informed Tammy Reeves that she could move for reconsideration of the order within ten days or seek judicial review of her decision

4

No. 38548-5-III
*Reeves v. Mason County*

with the superior court. ALJ Sullivan also instructed Reeves to submit an accounting for costs and attorney fees incurred after September 7, 2018, the date on which the superior court ordered the second remand. ALJ Sullivan ultimately granted Reeves an additional $6,550 in attorney fees and costs incurred between June 24, 2019 and December 18, 2019, dates during which the case was on remand before ALJ Sullivan.

On March 27, 2020, Tammy Reeves' counsel e-mailed Mason County a letter demanding that the county pay Reeves $136,725.59 in attorney fees and costs by March 31, 2020. Counsel announced Reeves' intent to file suit against Mason County if the county refused to pay a full recovery of fees and costs under RCW 49.48.030. During OAH proceedings, Reeves had only requested reasonable attorney fees and costs pursuant to RCW 42.41.040.

On April 2, 2020, Tammy Reeves' counsel sent Mason County a second e-mail with an attached motion for reconsideration that counsel alleged would soon be filed. The motion argued that ALJ Johnette Sullivan incorrectly claimed that she lacked authority to award Reeves attorney fees and costs other than from September 7, 2018 to December 19, 2019. Reeves never filed this motion for reconsideration or filed an appeal to the superior court.

PROCEDURE

On August 3, 2020, more than four months after ALJ Johnette Sullivan's final order awarding Tammy Reeves part of her attorney fees and costs, Reeves filed this

5

No. 38548-5-III
*Reeves v. Mason County*

collateral suit in Thurston County Superior Court. Reeves seeks recovery, under

RCW 49.48.030, of those attorney fees denied her by ALJ Sullivan.

Mason County filed a motion seeking summary judgment and sanctions against

Tammy Reeves pursuant to CR 11. The county argued that Reeves' complaint

constituted an untimely appeal of ALJ Johnette Sullivan's final order, and thus the

superior court lacked jurisdiction to hear the complaint. The county further argued that,

as a collateral suit, res judicata and collateral estoppel barred Reeves' complaint. The

county attached, to its motion, a copy of Reeves' counsel's e-mail transmission from

March 27, 2020. The county labeled the document "ER 408 Communication." Clerk's

Papers (CP) at 51.

In her response to Mason County's motion for summary judgment, Tammy

Reeves objected to the county's filing of her counsel's March 27, 2020 e-mail

communication. She argued that, as a settlement proposal, the document was

inadmissible pursuant to ER 408.

The superior court denied Mason County's motions. Thereafter, Tammy Reeves

filed a motion seeking recovery of attorney fees incurred in her whistleblower

proceeding, but not awarded by ALJ Johnette Sullivan. In response to this motion, the

superior court concluded that RCW 49.48.030 allowed Reeves to appeal ALJ Johnette

Sullivan's order or bring a separate suit. The superior court also determined that res

judicata and collateral estoppel did not bar Reeves' collateral suit. The superior court

6

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38548-5-III
*Reeves v. Mason County*

never addressed Reeves' motion to strike the demand e-mail. The superior court awarded Reeves reasonable attorney fees and costs totaling $161,415.

LAW AND ANALYSIS

On appeal, Mason County repeats its justifiable arguments that res judicata and collateral estoppel bar Tammy Reeves' separate action in superior court for recovery of reasonable attorney fees and costs since she could have appealed ALJ Johnette Sullivan's ruling denying in part her fees and costs. Mason County impliedly, if not expressly, concedes that ALJ Sullivan erroneously denied an award of fees for services performed by Reeves' counsel before the superior court and before ALJ Lisa Dublin. The county does not object to the amount of fees awarded by the superior court as unreasonable.

As she did before the superior court, Tammy Reeves asks that this court strike from the record her counsel's March 27, 2020 correspondence to Mason County. She contends that ER 408 bars the admission and consideration of a settlement demand letter. Because we deem the letter unimportant to our ruling, we repeat the superior court's wise disregard of the request.

Mason County's appeal demands extended rumination about the purposes behind the related doctrines of collateral estoppel and res judicata and commands a brief contemplation of the legislative policy underlying the controlling statute, RCW 49.48.030. We also assimilate two Washington Supreme Court decisions, *Arnold v. City*

7

No. 38548-5-III
*Reeves v. Mason County*


*of Seattle*, 185 Wn.2d 510, 374 P.3d 111 (2016) and *International Association of Fire*

*Fighters, Local 46 v. City of Everett*, 146 Wn.2d 29, 42 P.3d 1265 (2002).

RCW 49.48.030

Before the OAH, Tammy Reeves sought recovery of her attorney fees pursuant to

RCW 42.41.040(7). As previously noted, this statutory subsection allows an ALJ, at her

discretion, to grant the prevailing party reasonable attorney fees and costs in an

administrative action against a local government for retaliation against a whistleblower.

Reeves does not assert RCW 42.41.040(7) in her superior court action, perhaps because

an award of fees is discretionary under the statute. Reeves did not assert RCW 49.48.030

before the OAH. In this appeal, Mason County does not forward as defenses the failure

to exhaust administrative remedies or the failure to preserve an argument for review by

the superior court.

RCW 49.48.030 declares, in pertinent portion:

> In any action in which any person is successful in recovering judgment for wages or salary owed to him or her, reasonable attorney's fees, in an amount to be determined by the court, *shall be assessed* against said employer or former employer.

(Emphasis added.) Washington decisions repeatedly promote a generous application of

RCW 49.48.030 to the benefit of employees.

Washington maintains a long and proud history of being a pioneer in the

protection of employee rights. *Drinkwitz v. Alliant Techsystems, Inc.*, 140 Wn.2d 291,

8

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38548-5-III
*Reeves v. Mason County*

300, 996 P.2d 582 (2000). The Washington Legislature has evidenced a strong policy in favor of payment of wages due employees by enacting a comprehensive statutory scheme to ensure payments of wages. *Schilling v. Radio Holdings, Inc.*, 136 Wn.2d 152, 157, 961 P.2d 371 (1998). This scheme includes RCW 49.48.030, a statute authorizing an award of attorney fees to provide incentives for aggrieved employees to assert their statutory rights. *Hume v. American Disposal Co.*, 124 Wn.2d 656, 673, 880 P.2d 988 (1994). RCW 49.48.030 seeks to encourage workers to pursue claims even though the amount of recovery may be small. *Schilling v. Radio Holdings, Inc.*, 136 Wn.2d 152, 159 (1998).

Courts must construe RCW 49.48.030, a remedial statute, liberally in favor of the employee. *International Association of Fire Fighters, Local 46 v. City of Everett*, 146 Wn.2d 29, 34 (2002); *Gaglidari v. Denny's Restaurants, Inc.*, 117 Wn.2d 426, 450-51, 815 P.2d 1362 (1991). A liberal construction requires that the coverage of the statute's provisions be charitably construed in favor of the employee and that its exceptions be narrowly confined. *International Association of Fire Fighters, Local 46 v. City of Everett*, 146 Wn.2d 29, 34 (2002); *Peninsula School District No. 401 v. Public School Employees of Peninsula*, 130 Wn.2d 401, 407, 924 P.2d 13 (1996). The statute must be liberally construed to advance the legislature's intent to protect employee wages and assure payment. *International Association of Fire Fighters, Local 46 v. City of Everett*, 146 Wn.2d 29, 35 (2002).

9

No. 38548-5-III
*Reeves v. Mason County*

Tammy Reeves brings a separate action for recovery of some of her attorney fees incurred in an earlier legal proceeding. RCW 49.48.030 affords the employee a standalone suit to recover attorney fees incurred in a previous proceeding. *International Association of Fire Fighters, Local 46 v. City of Everett*, 146 Wn.2d 29, 44 (2002). Public employees, such as Reeves, are beneficiaries of the fee provision. *McIntyre v. State*, 135 Wn. App. 594, 599, 141 P.3d 75 (2006). An employee may recover for a successful claim for wages before an administrative body. *Arnold v. City of Seattle*, 185 Wn.2d 510 (2016).

Collateral Estoppel

We turn from the protection of employees and their wages to the protection of persons from multiple suits. The law rests the latter protection on the related, but distinct, doctrines of res judicata and collateral estoppel. Mason County insists either or both doctrines must lead to the dismissal of Tammy Reeves' superior court cause of action.

Collateral estoppel and res judicata are equitable doctrines that preclude relitigation of already determined causes. *Bordeaux v. Ingersoll Rand Co.*, 71 Wn.2d 392, 395-96, 429 P.2d 207 (1967). Both doctrines share a common goal of judicial finality. *State v. Dupard*, 93 Wn.2d 268, 272, 609 P.2d 961 (1980). The two doctrines are distinguishable in scope. Collateral estoppel precludes relitigation of issues and res judicata stems relitigation of claims. *Christensen v. Grant County Hospital District No.*

No. 38548-5-III
*Reeves v. Mason County*

*1*, 152 Wn.2d 299, 306, 96 P.3d 957 (2004); *Loveridge v. Fred Meyer, Inc.*, 125 Wn.2d 759, 763, 887 P.2d 898 (1995).

Mason County seeks to benefit from Tammy Reeves' previous claim before the OAH. Decisions of administrative agencies may be accorded preclusive effect in subsequent litigation. *Luisi Truck Lines, Inc. v. Utilities & Transportation Commission*, 72 Wn.2d 887, 435 P.2d 654 (1967).

We first analyze the operation of collateral estoppel. The doctrine of collateral estoppel prevents a party from relitigating issues raised and litigated by the party in an earlier proceeding. *Reninger v. Department of Corrections*, 134 Wn.2d 437, 449, 951 P.2d 782 (1998). Collateral estoppel aims to prevent relitigation of already determined causes, curtail multiplicity of actions, prevent harassment in the courts, stem inconvenience to the litigants, and promote judicial economy. *State v. Dupard*, 93 Wn.2d 268, 272 (1980). Collateral estoppel is an affirmative defense. *State Farm Mutual Automobile Insurance Co. v. Avery*, 114 Wn. App. 299, 304, 57 P.3d 300 (2002). The party asserting collateral estoppel bears the burden of proof. *State Farm Mutual Automobile Insurance Co. v. Avery*, 114 Wn. App. 299, 304 (2002).

Washington employs a four-part test to determine whether previous litigation should be afforded collateral estoppel effect in a subsequent litigation. The party asserting collateral estoppel must prove: (1) the issue decided in the prior adjudication is identical to the one presented in the current action, (2) the prior adjudication resulted in a

11

No. 38548-5-III
*Reeves v. Mason County*

final judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication, and (4) precluding relitigation of the issue will not work an injustice on the party against whom collateral estoppel is to be applied. *State v. Harrison*, 148 Wn.2d 550, 561, 61 P.3d 1104 (2003). We address only element one.

Collateral estoppel bars a litigation of an issue only in situations when the issue presented in the second proceeding is identical in all respects to an issue decided in the prior proceeding. *Standlee v. Smith*, 83 Wn.2d 405, 408, 518 P.2d 721 (1974); *Regan v. McLachlan*, 163 Wn. App. 171, 181, 257 P.3d 1122 (2011). The controlling facts and applicable legal rules must remain unchanged. *Regan v. McLachlan*, 163 Wn. App. 171, 181 (2011); *Standlee v. Smith*, 83 Wn.2d 405, 408 (1974). Collateral estoppel does not apply when a substantial difference in applicable legal standards differentiates otherwise identical issues even though the factual setting of both suits is the same. *Cloud v. Summers*, 98 Wn. App. 724, 730, 991 P.2d 1169 (1999).

In *Bortz v. Workers Compensation Appeals Board*, 656 A.2d 554 (Pa. Commw. Ct. 1995), *aff'd*, 546 Pa. 77, 683 A.2d 259 (1996), the reviewing court ruled that a predicate finding that a work-stoppage was a strike under the Pennsylvania Public Employee Relations Act did not collaterally estop litigation of that question in a later unemployment compensation proceeding. The different statutory schemes and purposes behind the public employee relations act and the unemployment compensation act

12

No. 38548-5-III
*Reeves v. Mason County*

rendered the issue as to any misconduct by the employee different. The court concluded that a finding on one statute should not preclude relitigation of an issue that arises under a completely different statute enacted for an entirely different purpose.

We rule that Mason County fails to show the issue decided in the OAH proceeding to be identical to the issue raised by Tammy Reeves' independent lawsuit. Reeves did not raise RCW 49.48.030 as a basis for an award of reasonable attorney fees and costs before the OAH, so she lacked a hearing or ruling on whether RCW 49.48.030 applies in her favor. ALJ Johnette Sullivan did not address the precise issue of whether RCW 49.48.030 afforded Reeves recovery. ALJ Sullivan addressed whether to award Reeves fees under a different statutory scheme, RCW 42.41.040, that addressed whistleblowing. RCW 49.48.030 seeks to benefit all employees owed wages. RCW 42.41.040 protects only whistleblowers from retaliation. Of course, if Tammy Reeves had sought fees under RCW 49.48.030, the outcome would likely be different.

Another distinction between the two attorney fees statutes compels denial of collateral estoppel. ALJ Johnette Sullivan held discretion under RCW 42.41.040 to award fees. RCW 49.48.030 requires an award of fee for any employee who recovers wages. Therefore, the two statutes entail different legal standards.

We would end our analysis of collateral estoppel here, but for Mason County also asserting res judicata. Two additional reasons oblige rejection of collateral estoppel to Tammy Reeves superior court standalone suit. These two reasons also lead to our later

13

No. 38548-5-III
*Reeves v. Mason County*

rejection of res judicata. Courts may reject application of both legal doctrines for public policy reasons or because the purposes behind the tenets lack fulfillment under the circumstances.

Although element four of collateral estoppel references notions of injustice, the Washington Supreme Court distinguishes between justice as a reason to deny operation of the doctrine and public policy as the motivation behind rejecting application. *Sprague v. Spokane Valley Fire Department*, 189 Wn.2d 858, 903, 409 P.3d 160 (2018). Although public policy hopefully shadows justice, we may qualify or reject collateral estoppel when its application would contravene public policy regardless of identifying an injustice. *Weaver v. City of Everett*, 194 Wn.2d 464, 478, 450 P.3d 177 (2019); *State v. Vasquez*, 148 Wn.2d 303, 308-09, 59 P.3d 648 (2002); *State v. Dupard*, 93 Wn.2d 268, 275-76 (1980).

Mason County raises collateral estoppel in the context of an earlier administrative proceeding. Public policy considerations may apply with added force when a party seeks to employ collateral estoppel based on a previous administrative agency ruling. *Christensen v. Grant County Hospital District No. 1*, 152 Wn.2d 299, 308 (2004). Policy arguments have often been the deciding factor as to whether to apply collateral estoppel based on prior administrative determination. *Weaver v. City of Everett*, 194 Wn.2d 464, 478 (2019); *State v. Dupard*, 93 Wn.2d 268, 275-76 (1980).

14

No. 38548-5-III
*Reeves v. Mason County*

In *Weaver v. City of Everett*, 194 Wn.2d 464 (2019), the Washington Supreme Court declined to apply collateral estoppel on public policy grounds. The substantial disparity of relief between Weaver's temporary and permanent disability claims kept Weaver from fully and vigorously litigating the issue at the temporary disability claim stage.

In *State v. Dupard*, the Supreme Court concluded that public policy considerations dictated rejection of collaterally estopping an issue previously determined by a parole board because the issue was more appropriately addressed to the criminal justice system. In *Sprague v. Spokane Valley Fire Department*, 189 Wn.2d 858 (2018), the state high court concluded that public policy considerations cut against collaterally estopping an issue previously determined by a county administrative commission because the issue implicated important constitutional questions.

Washington's rule rejecting collateral estoppel on public policy grounds conforms to the prevailing, if not unanimous, view. Collateral estoppel should be shunned when the public interest requires that relitigation not be foreclosed. *Roos v. Red*, 130 Cal. App. 4th 870, 30 Cal. Rptr. 3d 446 (2005); 46 AM. JUR. 2D *Judgments* § 469 (2022).

Courts reject collateral estoppel also on another basis. Collateral estoppel should not apply in circumstances when its purposes would not be served. *3D Const. and Development, LLC v. Old Standard Life Ins. Co.*, 2005 UT App. 307, 117 P.3d 1082, 1087 (2005); 46 AM. JUR. 2D *Judgments* § 469 (2022). We previously identified five

15

No. 38548-5-III
*Reeves v. Mason County*

rationales behind the tenet of collateral estoppel. We later test those justifications with

the circumstances of Tammy Reeves' two proceedings. We also later address public

policy reasons for rejecting collateral estoppel.

Res Judicata

We move to the rules, elements, and purposes behind res judicata. Under

Washington law, res judicata prohibits the relitigation of claims that were litigated or

could have been litigated in a prior action. *Loveridge v. Fred Meyer, Inc.*, 125 Wn.2d

759, 763 (1995); *Pederson v. Potter*, 103 Wn. App. 62, 67, 11 P.3d 833 (2000). Every

party should be afforded one, but not more than one, fair adjudication of his or her claim.

*LeJeune v. Clallam County*, 64 Wn. App. 257, 266, 823 P.2d 1144 (1992). Washington

courts consistently hold that a claimant may not split a single cause of action or claim

because such a practice would lead to duplicitous suits and force a defendant to incur the

cost and effort of defending multiple suits. *Landry v. Luscher*, 95 Wn. App. 779, 782,

976 P.2d 1274 (1999). This principle coincides with the general rule that, if an action is

brought for part of a claim, a judgment obtained in the action precludes the plaintiff from

bringing a second action for the residue of the claim. *Landry v. Luscher*, 95 Wn. App.

779, 782 (1999).

Under Washington law, for the doctrine of res judicata to apply, a prior judgment

must have a concurrence of identity with a subsequent action in (1) subject matter, (2)

cause of action, (3) persons and parties, and (4) the quality of the persons for or against

16

No. 38548-5-III
*Reeves v. Mason County*

whom the claim is made. *Rains v. State*, 100 Wn.2d 660, 663, 674 P.2d 165 (1983); *Eugster v. Washington State Bar Association*, 198 Wn. App. 758, 786, 397 P.3d 131 (2017). Res judicata also requires that the prior judgment be final. *Eugster v. Washington State Bar Association*, 198 Wn. App. 758, 786-87 (2017). On appeal, Reeves does not argue that Mason County failed to establish all of the traditional elements of res judicata.

Although Tammy Reeves did not assert RCW 49.48.030 before the OAH, no impediment prevented such a presentation. Assertion of RCW 49.48.030 coincided with Reeves request for all of her attorney fees incurred. Res judicata generally applies not only to bar claims previously litigated, but to every claim that could have been litigated at that time. *In re Marriage of Dicus*, 110 Wn. App. 347, 356, 40 P.3d 1185 (2002).

The purposes behind res judicata echo the goals behind collateral estoppel. Two decades ago, this court wrote concerning the purposes behind res judicata:

> First, and most important, is the integrity of the legal system; a legal system that permits the litigation of the same claims again and again is hardly worthy of the name. There is no assurance that the second or third decision on a claim will be more reliable than the first. Second, is the element of finality and repose, both as a societal matter and as a matter affecting the successful litigant? Third parties, successors in interest, creditors, and other members of the commonality should be able to carry forward their affairs in reliance on a judgment duly entered. The successful party should not be subjected to the vexation and exhaustion of resources that repetitive litigation may entail. Thus, judicial resources are finite. The court should not be burdened by a party's desire for another chance, and perhaps yet another.

No. 38548-5-III
*Reeves v. Mason County*

*Pederson v. Potter*, 103 Wn. App. 62, 71 (2000) (quoting 14 LEWIS H. ORLAND & KARL B. TEGLAND, WASHINGTON PRACTICE: TRIAL PRACTICE CIVIL § 359 (1996) (footnotes omitted)).

Washington courts do not always apply res judicata even when the proponent of application fulfills all elements of the doctrine. Courts may reject the bar when the circumstances behind the case do not serve the doctrine's purposes. *La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc.*, 495 F.2d 1265, 1276 (2d Cir. 1974); *In re Bridgestone/Firestone*, 286 S.W.3d 898, 905 (Tenn. Ct. App. 2008). Exceptions, based on important reasons of policy, can also preclude the doctrine's application. *Department of Ecology v. Acquavella*, 112 Wn. App. 729, 744, 51 P.3d 800 (2002); *In re Estate & Guardianship of Di Carlo's*, 3 Cal. 2d 225, 235, 44 P.2d 562 (1935). Under the public policy exception to the doctrine of res judicata, cities, who were parties to a prior declaratory judgment action in which the statutory term "prisoners of municipalities" was defined for purposes of calculating fees for housing municipal prisoners in county jail, were not barred from relitigating the definition of the statutory term because of the potential adverse impact on the public interest. *Mississippi County v. City of Blytheville*, 2018 Ark. 50, 538 S.W.3d 822, 828 (2018).

### Synthesis of RCW 49.48.030 and Claim and Issue Preclusions

We now assess whether dismissing Tammy Reeves' independent suit for attorney fees serves the purposes behind collateral estoppel and res judicata. Those aims include

18

No. 38548-5-III
*Reeves v. Mason County*

finality, prevention of harassment in the courts, preclusion of inconvenience to the litigants, and judicial economy.

Mason County argues that Tammy Reeves could have appealed, to the superior court, ALJ Johnette Sullivan's decision denying in part Reeves' application for fees. Nevertheless, Mason County does not suggest that the filing of this separate lawsuit by Tammy Reeves was substantively different from Reeves' filing of an appeal from the OAH. Mason County does not argue it has been prejudiced by the filing of an independent suit, rather than an appeal. The parties would have incurred the same expense with an appeal. The superior court would have expended the same effort. This separate lawsuit has not exhausted more resources than an appeal would. Tammy Reeves has not engaged in repetitive litigation. She never before had litigated whether fees should be awarded under RCW 49.48.030.

Mason County does not identify any different procedure that would have transpired had Tammy Reeves filed an appeal rather than a standalone suit. Perhaps the only difference to an appeal would have been Tammy Reeves captioning her complaint as a notice of appeal. She likely would have paid the same filing fee.

In addition to resting our affirmation of the superior court on the basis that operation of res judicata and collateral estoppel does not fulfill the doctrines' goals, we also rest our decision on public policy. As already discerned, Washington prides itself in a hoary and vigorous public policy protecting employees and affording employees

19

No. 38548-5-III
*Reeves v. Mason County*

recovery of attorney fees when they recover wages so that their wage recovery is not compromised.

We may resolve this appeal without discussing the two principal decisions, on which Tammy Reeves relies. We examine the cases anyway because of their reinforcement.

In *Arnold v. City of Seattle*, 185 Wn.2d 510 (2016), Seattle demoted Human Services Department Manager Georgiana Arnold for inadequately supervising an employee who embezzled city funds. Arnold disputed her demotion and appealed to the Seattle Civil Service Commission (Commission). The Commission reversed Arnold's demotion and ordered her reinstatement. Arnold requested attorney fees under RCW 49.48.030. The Commission denied her request on the basis that the Seattle Municipal Code provided no statutory authority for a hearing examiner to award attorney fees.

Georgiana Arnold did not appeal the Commission's denial of attorney fees. Instead, she filed suit, under RCW 49.48.030, against Seattle in superior court to recover her attorney fees incurred before the Commission. The superior court dismissed Arnold's case. On appeal to the Supreme Court, Seattle argued that Arnold was not entitled to attorney fees because the Commission had no authority to award the fees. The Supreme Court answered that Arnold, in her superior court action, did not request that the Commission grant fees, but instead for the superior court to award her fees. Seattle also

20

No. 38548-5-III
*Reeves v. Mason County*

argued that the Commission proceeding did not constitute an "action" within the meaning of RCW 49.48.030. The Supreme Court disagreed and held in favor of Arnold.

We recognize, as argued by Mason County, that Seattle did not contend that collateral estoppel or res judicata barred Georgiana Arnold's suit for recovery of fees because Arnold had already litigated the question before an administrative agency. Thus, the Washington Supreme Court did not directly address whether either of the doctrines bars an independent suit to recover attorney fees under RCW 49.48.030. We also recognize that, unlike the OAH in a whistleblower retaliation claim, the Commission lacked authority under its code to award the employee reasonable attorney fees because of a city code provision reading that the employee may be represented by an attorney only at her own expense. We also recognize that OAH granted Tammy Reeves partial fees incurred.

In response to Mason County's contentions, we emphasize that the Supreme Court, in *Arnold v. City of Seattle*, grounded its ruling on the strong remedial purpose behind RCW 49.48.030. The court reasoned that liberally interpreting the statute rendered a separate action to recover fees permissible. The Supreme Court relied on the earlier *Fire Fighters* decision for the proposition that attorney fees need not be recovered in the same action wherein the prevailing party incurred the fees. The statutory purpose of making an employee whole prevailed over the employer's economic interests.

21

No. 38548-5-III
*Reeves v. Mason County*


In *International Association of Fire Fighters, Local 46 v. City of Everett*, the Supreme Court awarded attorney fees based on a complaint filed in court after a successful arbitration grievance. The court construed the word "action," within the meaning of RCW 49.48.030, contrary to the term's interpretation under other statutes because of the "strong policy" in favor of protecting workers. 146 Wn.2d at 35. The court also ruled that, based in part on the legislature's intent to protect workers, the employee could recover attorney fees in a standalone suit. A restrictive reading of the statute would conflict with a liberal construction of RCW 49.48.030.

Attorney Fees, Costs, and Sanctions on Appeal

Mason County requests costs incurred on appeal. Tammy Reeves seeks sanctions against Mason County and its attorneys for a frivolous appeal and dilatory conduct. Reeves also asks for an award of reasonable attorney fees and costs pursuant to the wage statute, RCW 49.48.030.

Because Mason County does not prevail on appeal, we deny the county costs. Because the Supreme Court has never addressed the application of collateral estoppel and res judicata in the context of RCW 49.48.030 and because of the merit behind Mason County's contentions, we find the county's appeal to be thoughtful, not frivolous. We award Tammy Reeves reasonable attorney fees and costs incurred on appeal, pursuant to RCW 49.48.030, but deny other sanctions.

22

No. 38548-5-III
*Reeves v. Mason County*

CONCLUSIONS

We affirm the superior court's award of $161,415.  We grant Tammy Reeves

recovery of reasonable attorney fees and costs incurred on appeal.

_____
Fearing, J.

WE CONCUR:

_____
Pennell, J.

_____
Staab, J.

23