**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| 4501 38th WEST SEATTLE, LLC, a Washington Limited Liability Company RUN YONG USA, LLC, an Oregon Limited Liability Company; 5229 UNIVERSITY, LLC, a Washington Limited Liability Company, and; Z REAL ESTATE, INC., a Washington corporation,<br><br>Appellants,<br><br>v.<br><br>CRAIG JONATHAN HANSEN, Individually and on Behalf of the Marital Community of CRAIG JONATHAN HANSEN and JANE DOE HANSEN, and; HANSEN LAW GROUP, P.S., a Washington Professional Services Corporation<br><br>Respondents. | No. 83454-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — 4501 38th West Seattle LLC, Run Yong USA LLC, 5229 University LLC, and Z Real Estate, Inc. (the Entities) appeal the trial court's order granting summary judgment and dismissing their claims against attorney, Craig Jonathan Hansen, for filing marital liens and a garnishment during a separate dissolution proceeding. The Entities argue that: (1) Hansen unlawfully recorded notices of marital

lien claims against the real estate Entities, (2) Hansen unlawfully garnished a bank account without notice and an opportunity for a hearing, and (3) Hansen violated the Washington Consumer Protection Act (CPA), ch. 19.86 RCW.

We conclude that the Entities' claims for abuse of process in the recording of the marital liens and garnishment are collaterally estopped by our recent unpublished decision in 5229 University, LLC v. Jialin Li, No. 81571-7-I (Wash. Ct. App. Oct. 4, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/815717.pdf.  We also conclude that the Entities failed to prove that Hansen's actions were an unfair or deceptive act or practice in violation of the CPA.

We affirm.

FACTS

A. Background

Jialin Li and Haolin Zheng married in China in 2011 and later moved to Washington.  They have two children.  Zheng controlled several limited liability companies (LLCs) related to real estate investing, including the Entities.  Zheng's parents gave him money to purchase properties in the United States, and Zheng kept this money in bank accounts in his name before purchasing the properties.  Zheng took title to the properties in his name.  Li was unaware of Zheng's business ventures and investments.  After an assault, Li filed for dissolution in May 2018.  Hansen represented Li in the King County Superior Court dissolution proceedings.[1]  Hansen is an experienced family law attorney having practiced for over 25 years.

---

[1] In re Marriage of Jialin Li and Zheng, No. 18-3-03267-2 SEA.

After Li filed for dissolution, Zheng drained the only bank account to which Li had access to and cut off her credit card. In June 2018, a trial court order restrained Zheng from liquidating or transferring assets and requiring him to pay spousal support to Li. In November 2018, Zheng sold an Olive Way property for a little over $10 million in violation of the June 2018 court order. Zheng placed the proceeds in a bank account, in his name, for Z Real Estate, Inc. and ZN Properties LLC, which he owned and controlled. Zheng moved to China at the end of 2018 and failed to pay court ordered support to Li and the children's tuition.

After realizing Zheng had left the country, Hansen recorded marital liens on Li's behalf against real estate owned by 4501 38th West Seattle LLC, 5229 University LLC, and Run Yong USA LLC. On January 2, 2019, Hansen obtained a restraining order preventing Zheng from transferring, liquidating, or selling any assets belonging to 4501 38th West Seattle LLC, and any assets belonging to 5229 University LLC.

On February 14, 2019, a superior court commissioner in the dissolution case ordered Zheng to pay $25,000 in attorney fees, and other amounts totaling $41,579, by January 30, 2019. The order also restrained Zheng "from transferring any funds from . . . all accounts in the name of . . . Z Real Estate, Inc." The order stated that the assets and property listed in the order were "presumptively community property. The court also finds that [Zheng's] representations to secretary of state, the IRS, and banks, denote ownership."

On April 4, 2019, the trial court granted Li a writ of garnishment over Zheng's U.S. Bank account to ensure payment of the February 14, 2019, judgment.

-3-

B. <u>The Companion Case</u>

In response to the liens and garnishment, the Entities sued Li in King County Superior Court.[2] The complaint alleged causes of action against Li for frivolous liens, slander of title, and declaratory judgment. The trial court linked the Entities action with the dissolution action.

After a bench trial and detailed tracing of assets, the court determined that Li and the marital community did not have an ownership interest in the subject assets. The court found that Zheng's moving, hiding, and obfuscation of assets made it difficult to determine who really owned the property or money at issue. The court also concluded that Zheng's lack of credibility made it reasonable for Li and Hansen to doubt the ownership of the LLCs. While the liens were meritless, the court found that they were not frivolous and did not award damages or attorney fees to the Entities. The Entities appealed. <u>See</u> <u>5229 Univ., LLC</u>, slip op. at 1.

C. <u>The Current Action</u>

While the companion case was pending appeal, on March 25, 2021, the Entities sued Hansen. The Entities claimed that Hansen and his law firm were liable for abuse of process, "unconstitutional taking without due process," and breach of the CPA in relation to the liens and the garnishment. On August 12, 2021, the trial court granted the Entities' motion for partial summary judgment.

On October 4, 2021, this court affirmed the trial court's refusal to award fees or costs in the companion case, holding that the liens and garnishment "were filed with substantial justification" and declined to overlook Zheng and his family's actions leading

---

[2] <u>5229 Univ., LLC v. Jialin Li</u>, No. 19-2-05825-1 SEA.

to the justification for the liens and garnishment.  5229 Univ., LLC, slip op. at 1.  We held that because Li and Hansen reasonably believed the assets belonged to the community, the liens were substantially justified both as lis pendens claims and community property liens under RCW 26.16.100, and that the garnishment was proper under RCW 6.27.060.  5229 Univ., LLC, slip op. at 3-8.

In light of our decision in 5229 Univ., LLC, the trial court, sua sponte, called for a show cause hearing to reconsider its order granting partial summary judgment.  On November 1, 2021, after briefing and oral argument, the trial court reversed its August 12, 2021, order and denied the Entities' motion for partial summary judgment.  On December 3, 2021, the trial court granted Hansen's motion for summary judgment, dismissing the Entities' claims with prejudice.

The Entities appeal.

ANALYSIS

A. Standard of Review

"On appeal of summary judgment, the standard of review is de novo, and the appellate court performs the same inquiry as the trial court."  Martin v. Gonzaga Univ., 191 Wn.2d 712, 722, 425 P.3d 837 (2018) (quoting Lybbert v. Grant County, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000)).  This court will affirm an order granting summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  CR 56(c); Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015).

B. Collateral Estoppel

The Entities argue that the court's decision in 5229 Univ., LLC, does not bar the claims in this case because there is no identity of issues. We disagree.

Collateral estoppel is an affirmative defense. CR 8(c). The elements of collateral estoppel include: (1) the issue decided in the prior case was identical to the issue presented in the later case, (2) the prior case resulted in a final judgment on the merits, (3) the party to be estopped was a party or in privity with a party in the prior action, and (4) application of the doctrine would not work an injustice. Weaver v. City of Everett, 194 Wn.2d 464, 473, 450 P.3d 177 (2019). The proponent of collateral estoppel bears the burden of proving each element. Behr v. Anderson, 18 Wn. App. 2d 341, 376, 491 P.3d 189 (2021).

"When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Nielson By and Through Nielson v. Spanaway Gen. Med. Clinic, Inc., 135 Wn.2d 255, 262, 956 P.2d 312 (1998) (citing RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982)). "[A]pplication of collateral estoppel is limited to situations where the issue presented in the second proceeding is identical in all respects to an issue decided in the prior proceeding, and 'where the controlling facts and applicable legal rules remain unchanged.'" Lemond v. State, Dep't of Licensing, 143 Wn. App. 797, 805, 180 P.3d 829 (2008) (quoting Standlee v. Smith, 83 Wn.2d 405, 408, 518 P.2d 721 (1974)). We review de novo whether collateral estoppel bars relitigation of a particular legal claim.

Christensen v. Grant County Hosp. Dist. No. 1, 152 Wn.2d 299, 305, 96 P.3d 957 (2004).

The Entities cite several cases for the proposition that the issues raised in the case against Li are not identical with its claims against Hansen. The cases are readily distinguished. For example, Fite v. Lee, 11 Wn. App. 21, 29, 521 P.2d 964 (1974), involved claims of abuse of legal process brought against a former wife and the attorneys that had represented her in a dissolution action. The claims concerned whether, during the dissolution proceeding, writs of garnishment were improperly issued against the husband's assets. The court dismissed the claims against the wife on summary judgment after she testified that she was not informed of the writs, did not consent to the writs, and would not have consented if she had known. Fite, 11 Wn. App. at 24. The court of appeals rejected the attorneys' subsequent claim that res judicata should bar claims against them:

> It follows then that if an attorney has, without the knowledge or consent of his client, abused process to the damage of another, the attorney acts outside the scope of his agency and the client should not be derivatively liable. See Barton v. Tombari, 120 Wash. 331, 207 P. 239 (1922); See RESTATEMENT (SECOND) OF AGENCY § 228(2) (1958); See RESTATEMENT (SECOND) OF AGENCY § 246, Comment b (1958). Consequently dismissal of the action against the client should not be res judicata of the injured party's claim against the attorneys.

Fite, 11 Wn. App. at 29.

Here, in contrast, there is no argument that Hansen acted without knowledge or consent of his client. Indeed, in 5229 Univ., LLC, this court concluded that Zheng's conduct "gave Li and her counsel a substantial basis to believe the community had a claim to the assets." Slip op. at 3.

Similarly, <u>Mason v. Mason</u>, 19 Wn. App. 2d 803, 497 P.3d 431 (2021), involved abuse of process and intentional infliction of emotion distress claims brought by a former wife against her husband and his attorneys following a dissolution action. Division Two of this court reversed the trial court's decision dismissing the wife's action based on collateral estoppel. The court concluded: "neither Tatyana's intentional infliction of emotional distress claim nor her abuse of process claim were 'actually litigated' in the prior family law proceedings. Nor are her tort claims 'identical' to any issue addressed in the earlier family law proceedings. Accordingly, collateral estoppel does not apply." <u>Mason</u>, 19 Wn. App. at 828. In contrast, here, the Entities' claims for improper filing of the marital liens and garnishment were litigated in <u>5229 Univ., LLC</u>.

Finally, <u>Regan v. McLachlan</u>, 163 Wn. App. 171, 257 P.3d 1122 (2011), involved negligence and breach of fiduciary duty claims brought against Pierce County by the underwriter of a forfeited bail bond. The plaintiff argued that the county clerk erred by returning the bond to the bond issuer instead of the underwriter. The trial court dismissed the plaintiff's claims, in part, on collateral estoppel based on the underlying criminal case. The court of appeals reversed, explaining:

> But <u>Cruz</u> was a criminal case between the State and Cruz. The issue on appeal in <u>Cruz</u> was whether the trial court had jurisdiction in the criminal matter to order Metro City to redeposit the remitted bail bond money into the court registry. We determined that the <u>Cruz</u> trial court did not have jurisdiction to require "Metro City to remit funds to the clerk of the court in the criminal case involving the State and Cruz" and we reversed the trial court's order. Furthermore, in doing so, we stated, "Whether Fairmont and Fire Insurance Co. otherwise have a claim against the clerk, Metro City, or McLachlan is not before us."
>
> Here, after our decision in <u>Cruz</u>, Regan sued Pierce County, alleging negligence and breach of its fiduciary duty. In <u>Cruz</u>, neither the trial court nor we decided whether Fairmont had a civil cause of action against

Pierce County for its actions in remitting the funds to Metro City. Regan, Fairmont, and Pierce County were not parties to the <u>Cruz</u> criminal case.

<u>Regan</u>, 163 Wn. App. at 181-82.

Again, in contrast, the Entities' claims for improper marital liens and garnishment were litigated and decided in <u>5229 Univ., LLC</u>.

We conclude that the elements of collateral estoppel are met. The Entities' claims against Hansen for abuse of process based on the recording of liens and the garnishment are barred by res judicata.

C. <u>Consumer Protection Act</u>

The Entities argue that Hansen violated the CPA, by filing the liens and garnishment to unlawfully secure his unpaid attorney fees from Li. To satisfy a CPA claim, the claimant must prove: (1) an unfair or deceptive act or practice; (2) in trade or commerce; (3) that affects or has the capacity to affect the public interest; (4) injury to business or property; and (5) causation. <u>Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.</u>, 105 Wn.2d 778, 787-793, 719 P.2d 531 (1986). The Entities' CPA claim fails on the first prong.

The Entities have failed to establish how Hansen's conduct constituted an unfair or deceptive act or practice. A CPA claim "may be predicated upon a per se violation of statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest." <u>Klem v. Wash. Mut. Bank</u>, 176 Wn.2d 771, 787, 295 P.2d 1179 (2013).

The Entities have shown no statutory violation, nor have they provided evidence proving how Hansen's conduct had the capacity to deceive substantial portions of the public or how it violated the public interest. This court held that the liens and garnishment were substantially justified and that "it is clear why counsel sought to protect what they reasonably believed was community property. The property owners were, at best, complicit in Zheng's misconduct." 5229 Univ., LLC, slip op. at 5. This court also held that the liens were substantially justified as lis pendens claims under RCW 26.60.100, and the garnishment was proper under RCW 6.27.060. 5229 Univ., LLC, slip op. at 3-8. Hansen's conduct was not an unfair or deceptive act under the CPA.

The Entities assert, based solely on the fact that Li had unpaid legal fees, that Hansen used the liens and garnishment to secure Li's outstanding legal fees, and that RCW 60.40.010 "automatically" created an attorney fee lien for Hansen against the funds recovered from the marital liens and garnishment.[3] But the Entities fail to explain or cite authority supporting the conclusion that an attorney fee lien under RCW 60.40.010 somehow casts the liens and garnishment as unfair or deceptive under the CPA. Nor is there any evidence that Hansen asserted or pursued any kind of attorney fee lien, based on RCW 60.40.010 or other authority, against the funds Li recovered from the liens or garnishment. The Entities claims are speculative at best.

The Entities' assertion that Hansen's recording of the marital liens and garnishment was designed to cloud their title to their real estate without legal authority is

---

[3] RCW 60.40.010(1)(b) provides that an "attorney has a lien for his or her compensation, whether specially agreed upon or implied, as hereinafter provided: . . . (b) upon money in the attorney's hands belonging to the client."

also unsupported by the record.  To the contrary, the liens were designed to prevent

Zheng from liquidating or transferring additional community assets in violation of the

June 2018 order, which he had already violated—and to secure Zheng's obligations

under the January 2 and February 14 orders.  The marital liens were substantially

justified both as lis pendens claims and community property liens under RCW

26.16.100, and Hansen reasonably believed the community had an interest in the

subject real estate.  See 5229 Univ., LLC, slip op. at 3-7.  The Entities fail to prove that

Hansen's conduct was illegal, unfair, or deceptive.

We conclude that the Entities' CPA claim fails on the first prong.

Affirmed.

Mann, J.

WE CONCUR:

Andrus, C.J.

Dwyer, J.

-11-